| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 12-183-JFW (MRWx)**                                           Date: January 30, 2012

Title:   HSBC Bank USA, National Association, as Trustee under the Pooling and Servicing Agreement dated as of December 1, 2005, Freemont Home Loan Trust 2005-E -v- Juan Sebastian De Vivo, et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

      On January 3, 2011, Plaintiff HSBC Bank USA, National Association, as Trustee under the Pooling and Servicing Agreement dated as of December 1, 2005, Freemont Home Loan Trust 2005-E ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Juan Sebastian De Vivo ("De Vivo") in Los Angeles Superior Court. On January 9, 2012, De Vivo filed a Notice of Removal, alleging that this Court has jurisdiction.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, De Vivo bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      De Vivo fails to meet his burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While De Vivo alleges in his

Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  Although De Vivo claims that Plaintiff violated the Truth in Lending Act and the Real Estate Settlement Procedures Act, a case "arises under" federal law only if the federal question appears on the face of Plaintiff's well-pleaded complaint.  *Takeda v. Northwester Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985).   Removability cannot be created by a defendant's counterclaims or defenses.  *Id.*  Accordingly, there is no federal question jurisdiction over Plaintiff's action.

De Vivo also alleges in his Notice of Removal that diversity jurisdiction exists.  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  In his Notice of Removal, De Vivo fails to allege the citizenship of either himself or Plaintiff.  Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning the citizenship of the parties, De Vivo has failed to meet his burden of establishing that diversity jurisdiction exists.  *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.